UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

GRISELDA PERALES and FIDEL LOPEZ,

    Plaintiffs,

**JURY TRIAL DEMANDED**

v.

SCARFONE'S OF WILTON MANORS, INC., a
Florida for-profit corporation; THE PIZZA AND
PASTA FACTORY, INC., a Florida for-profit
corporation d/b/a SCARFONE'S COAL FIRED
PIZZA; BIG ROOSTER'S SOUTHERN TABLE,
LLC, a Florida limited liability company; DANIEL
SCARFONE; DANIEL SCARFONE, JR., and
ANGELA RUTH SPEROS,

    Defendants.
_____ /

## COMPLAINT FOR DAMAGES

Plaintiffs, GRISELDA PERALES ("PERALES"), and FIDEL LOPEZ, ("LOPEZ"), by and through their undersigned attorney, files this, their Complaint for Damages against SCARFONE'S OF WILTON MANORS, INC., a Florida for-profit company, (hereinafter "SCARFONE'S OF WILTON MANORS"); THE PIZZA AND PASTA FACTORY, INC., a Florida for-profit corporation d/b/a SCARFONE'S COAL FIRED PIZZA, (hereinafter "SCARFONE'S COAL FIRED PIZZA"); BIG ROOSTER'S SOUTHERN TABLE, LLC, a Florida limited liability company, (hereinafter "BIG ROOSTER"); DANIEL SCARFONE, (hereinafter "SCARFONE"), DANIEL SCARFONE, Jr., (hereinafter "SCARFONE, JR."), and ANGELA RUTH SPEROS, (hereinafter "SPEROS"), and state as follows:

## INTRODUCTION

1. This is an action to recover unpaid overtime and minimum wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA"); and, for minimum wages under the Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution.

## JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, the corporate Defendants, SCARFONE'S OF WILTON MANORS, SCARFONE'S COAL FIRED PIZZA, and BIG ROOSTER were enterprises engaged in interstate commerce.

3. Defendants, SCARFONE'S OF WILTON MANORS, SCARFONE'S COAL FIRED PIZZA, and BIG ROOSTER, owned and operated businesses engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

4. Defendants, SCARFONE'S OF WILTON MANORS, SCARFONE'S COAL FIRED PIZZA, and BIG ROOSTER operated restaurants. Plaintiffs' work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' businesses, and moved in interstate commerce.

5. Upon information and belief, during the relevant time period, the Defendants had an annual gross volume of sales made or business done of not less than $500,000.00.

6. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

7. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Southern District of Florida.

## VENUE

8. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida; and,

   b. Defendants are and continue to be corporations and individuals doing business within this judicial district.

## PARTIES

9. At all times material hereto, Plaintiffs, PERALES and LOPEZ, were "employee[s]" of the Defendants within the meaning of the FLSA.

10. At all times material hereto, Defendants, SCARFONE'S OF WILTON MANORS, SCARFONE'S COAL FIRED PIZZA, and BIG ROOSTER were the employers of Plaintiffs within the meaning of the FLSA.

11. At all times material hereto, the corporate Defendants, SCARFONE'S OF WILTON MANORS, SCARFONE'S COAL FIRED PIZZA, and BIG ROOSTER continue to be "enterprise[s] engaged in commerce" within the meaning of the FLSA.

12. At all times material hereto, the work performed by Plaintiffs, PERALES and LOPEZ was directly essential to the business performed by the Defendants.

13. Plaintiffs, PERALES and LOPEZ have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATMENT OF FACTS

14. Commencing on or about June 15, 2014, Plaintiff, PERALES worked in Wilton Manor, Florida as a cook for SCARFONE'S OF WILTON MANORS and SCARFONE'S COAL FIRED PIZZA.

15. In May 2016 Plaintiff, PERALES was transferred from the Defendants' restaurant in Wilton Manors, Florida to the Defendants' BIG ROOSTER location where she worked as a prep cook and dishwasher until about August 11, 2016.

16. While working at the Defendants' Wilton Manors, Florida restaurant location, Plaintiff, PERALES was paid a weekly salary of $600.00 per week—sometimes by check, sometimes by cash and sometimes a combination of both.

17. At BIG ROOSTER, Plaintiff, PERALES was paid a weekly salary of $600.00 per week for her approximate first six weeks of work, and then her salary was increased to $700.00 per week.

18. Commencing in or about June 2014 to May 2014, Plaintiff, LOPEZ worked as a cook at SCARFONE'S OF WILTON MANORS and SCARFONE'S COAL FIRED PIZZA, and he was supposed to be paid a weekly salary of $850.00.

19. From May 2014 to May 2016, Plaintiff, LOPEZ worked at SCARFONE'S OF WILTON MANORS and SCARFONE'S COAL FIRED PIZZA as a cook. He was supposed to be paid a salary of $900.00 per week.

20. From about May 18, 2016 to about October 15, 2016, Plaintiff. LOPEZ, worked as a cook at BIG ROOSTER, after he was transferred to that location. He was supposed to be paid a weekly salary of $1,000.00.

21. Defendants knowingly, willfully and maliciously operated their businesses with a policy of not paying wages in conformance with the FLSA, to the Plaintiffs.

22. Defendants, SCARFONE, SCARFONE, JR., and SPEROS were supervisors and or manager/owners who were involved in the day-to-day operations and/or were directly responsible for the supervision of Plaintiffs. Therefore, they are personally liable for the FLSA violations.

23. Defendants, SCARFONE, SCARFONE, JR., and SPEROS were directly involved in decisions affecting employee compensation and/or hours worked by Plaintiffs, PERALES and LOPEZ.

24. Plaintiffs have retained Bober & Bober, P.A. to represent them in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

## COUNT I

## VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

25. Plaintiffs repeat and reallege Paragraphs 1 through 24 as if fully set forth herein.

26. Plaintiffs' employment with the Defendants was to consist of a normal work week for which they should have received time and one-half for their work hours worked in excess of the maximum hours provided for in the FLSA.

27. During Plaintiffs' employment, the Plaintiffs worked hours in excess of forty (40) per week for which they were not compensated at the statutory rate of time and one-half. In addition, Plaintiffs were misclassified as "exempt" employees, although their duties were those of "non-exempt" employees.

28. Plaintiffs were entitled to be paid at the rate of time and one-half for all their hours worked in excess of the maximum hours provided for in the FLSA.

29. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

30. As a direct and proximate result of Defendants' disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

31. Due to the unlawful acts of the Defendants, Plaintiffs have suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

32. Plaintiffs are entitled to an award of their reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in their favor against the Defendants:

    a. Declaring that the Defendants violated the overtime provisions of 29 U.S.C. § 207;

    b. Awarding Plaintiffs overtime compensation in the amount calculated;

    c. Awarding Plaintiffs liquidated damages in the amount calculated;

    d. Awarding Plaintiffs reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    e. Awarding Plaintiffs post-judgment interest; and

    f. Ordering any other and further relief this Court deems to be just and proper.

## COUNT II

### VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

33. Plaintiffs reallege Paragraphs 1 through 24 of this Complaint as if fully set forth herein.

34. Plaintiffs' employment with Defendants was to consist of a normal workweek for which they were to be compensated at or above the FLSA minimum wage.

35. 29 U.S.C. § 206 and requires that any employee covered by the FLSA be paid their minimum wages.

36. During the period of time that Plaintiff PERALES worked for the Defendants, she was paid below the statutory minimum wage (when her weekly salary was divided by the number of hours she worked each week).

37. Plaintiff, LOPEZ received no wages for his last week of employment at BIG ROOSTER, and thus, was not compensated at or above the applicable minimum wage.

38. The Defendants' failure to pay Plaintiffs the proper minimum wage was willful.

39. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiffs respectfully request:

a. judgment in their favor for all unpaid minimum wages due or payable;

b. liquidated damages;

c. attorney's fees and costs pursuant to the FLSA;

d. post-judgment interest; and

e. all other and further relief this Court deems to be just and proper.

# COUNT III

## VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION (FLORIDA MINIMUM WAGE AMENDMENT)

40. Plaintiffs reallege Paragraphs 1 through 24 of this Complaint as if fully stated herein.

41. Pursuant to Article X, Section 24 of the Florida Constitution, Defendants were required to pay Plaintiffs at least the applicable Florida minimum wage.

42. During PERALES' employment, Defendants willfully paid her less than the statutory minimum wage for her work hours. In addition, Plaintiff, LOPEZ received no wages for his last week of employment at BIG ROOSTER.

43. WHEREFORE, Plaintiffs respectfully requests that judgment be entered in their favor against the Defendants:

    a. Declaring that Defendants violated Article X §24 of the Florida Constitution, insofar as failing to pay Plaintiffs at or above the minimum wage;

    b. Awarding Plaintiffs all back wages due and owing;

    c. Awarding Plaintiffs liquidated damages in the amount equal to their back wages;

    d. Awarding Plaintiffs reasonable attorney's fees and costs and expenses of this litigation pursuant to Article X, Sec. 24, Fla. Const.;

    e. Awarding Plaintiffs prejudgment and post-judgment interest;

    f. Finding that Defendants willfully violated Article X §24 Fla. Const.;

    g. declaratory relief pursuant to the Florida Constitution and Florida Statutes finding that employees, including Plaintiffs, who worked for the Defendants within the last five years were not paid minimum wage for all hours worked as required; and

h.  Ordering Defendants to pay the State of Florida $1,000 per violation pursuant to Article X, Section 24(3) Fla. Const.

i.  Awarding such other and further relief this Court deems to be just and proper

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: January 9, 2017.

        Respectfully submitted,

        BOBER & BOBER, P.A.
        Attorneys for Plaintiffs
        1930 Tyler Street
        Hollywood, Florida 33020
        Telephone: (954) 922-2298
        Facsimile: (954) 922-5455
        peter@boberlaw.com
        samara@boberlaw.com

        By: s/. Peter Bober, Esq.
        PETER J. BOBER
        FBN: 0122955
        SAMARA ROBBINS BOBER
        FBN: 0156248